UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIRTY,<br>　　　　Plaintiff,<br>　v.<br>PARADIGM COLLECTION LLC, et al.,<br>　　　　Defendants. | Case No. 4:23-cv-03239-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE ANSWER AND ORDER DIRECTING CLERK TO ENTER DEFAULT; ORDER VACATING CASE DEADLINES**<br><br>Re: Dkt. No. 69 |

On June 29, 2023, Plaintiff John Girty filed this employment action against Defendant Paradigm Collection LLC. Plaintiff filed the second amended complaint on December 22, 2023. (Second Am. Compl., Dkt. No. 29.)

On May 28, 2024, Defendant filed an answer to the operative complaint. (Def.'s Answer, Dkt. No. 48.) On July 3, 2024, the Court issued a case management and pretrial order, which set the trial date for June 9, 2025. (Dkt. No. 53.) On July 29, 2024, defense counsel Jon H. Freis filed a motion to withdraw as counsel for Defendant. (Dkt. No. 56.) On September 5, 2024, the Court granted Mr. Freis's motion to withdraw as counsel, and Defendant was given until November 4, 2024, to obtain new counsel and have counsel file a notice of appearance. (Dkt. No. 62 at 4.) To date, Defendant has not had counsel appear in court on its behalf.

On March 17, 2025, Plaintiff filed a motion to strike Defendant's answer because Defendant is an unrepresented corporation. (Pl.'s Mot., Dkt. No. 69 at 2.) Plaintiff also requested that the Court direct the Clerk of Court to enter default. *Id.* Defendant's opposition was due on March 31, 2025. No opposition has been filed, and the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

Defendant is a limited liability company, so it cannot appear in federal court except by

counsel. *See Rowland v. Cal. Men's Colony*, 546 U.S. 194, 201-02 (1993); *see also M.O.R.E., LLC v. United States*, No. C 12-3609 PJH, 2012 WL 4902802, at *4 (N.D. Cal. Oct. 15, 2012) ("a limited liability company cannot appear in propria persona"); Civil Local Rule 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court.").

Accordingly, the Court GRANTS Plaintiff's motion to strike Defendant's answer, and the answer (Dkt. No. 48) is STRICKEN. Additionally, since Defendant's answer has been stricken, the Court DIRECTS the Clerk to enter default as to Defendant Paradigm Collection LLC.

Here, default is appropriate because the Court granted Attorney Freis's motion to withdraw in September, and Defendant failed to obtain counsel despite being ordered to do so. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("perfectly appropriate" for district court to strike answer and enter default judgment against corporation when it failed to retain counsel); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (determining that striking an answer and entering default judgment are within a court's inherent powers); *see also Coastal Env't Rts. Found. v. Aztec Perlite Co., Inc.*, No. 24-cv-385-RSH-SBC, 2024 WL 4520350, at *3 (S.D. Cal. Oct. 16, 2024) (struck answer and entered default *sua sponte* under court's inherent powers). Given the passage of time, it appears unlikely that Defendant will be obtaining counsel, which means that it cannot defend itself in this case.

Finally, the Court VACATES all remaining case deadlines, and Plaintiff is ordered to file his motion for default judgment within 60 days of the Clerk of the Court entering default against Defendant.

IT IS SO ORDERED.

Dated: May 21, 2025

KANDIS A. WESTMORE
United States Magistrate Judge